**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PEDRO P. ALVARADO,

       Plaintiff,

v.                                                                    Case No:   6:20-cv-1642-GKS-LRH

COMMISSIONER OF SOCIAL
SECURITY

       Defendant.

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **UNOPPOSED MOTION FOR FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Doc. 25)**
>
> **FILED:**   October 8, 2021
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

**I.   BACKGROUND.**

On September 6, 2020, Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of an application

for disability benefits. (Doc. 1). On June 29, 2021, the Commissioner filed an unopposed motion to remand the matter for further proceedings. (Doc. 21). On July 27, 2021, the Court entered an order remanding the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 23). Judgment was entered in favor of Plaintiff and against the Commissioner the same day. (Doc. 24).

On October 8, 2021, Plaintiff filed the present motion requesting an award of $6,371.08 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 25). The Commissioner does not oppose the motion. (*Id.*, at 9).

## II.   DISCUSSION.

### A. Eligibility for EAJA Fees.

A party may recover an award of attorneys' fees against the government provided that the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

### 1. Prevailing Party.

Pursuant to an unopposed motion to remand, the Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. (Doc. 23). The Supreme Court has made clear that a plaintiff obtaining a sentence four remand is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Accordingly, Plaintiff is a prevailing party in this case.

### 2. Timely Application.

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id.* at § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, consequently, a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). As discussed above, the plaintiff then has 30 days in which to file his or her motion for EAJA fees. Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996).

The judgment in this case was entered on July 27, 2021, and Plaintiff filed the present motion on October 8, 2021. (Docs. 24-25). Accordingly, Plaintiff's motion is timely.

### 3. *Claimant's Net Worth.*

Plaintiff states that her net worth did not exceed $2 million at the time the action was filed. (Doc. 25, at 2). This statement is uncontroverted. Accordingly, the undersigned finds that the Plaintiff's net worth was less than $2 million when the complaint was filed.

### 4. *Government's Position Not Substantially Justified.*

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—*i.e.* when it has a reasonable basis in both law and fact." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (internal quotations omitted). The Commissioner bears the burden of proving that her position was substantially justified. *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). In this case, Plaintiff argues that the Commissioner's position was not substantially justified, and the Commissioner has not argued otherwise. Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

### 5. *No Special Circumstances.*

Upon review of the entire case docket, the undersigned finds that there are no special circumstances that would make an award of fees unjust.

**B. Reasonableness of EAJA Fee.**

In the motion, Plaintiff states that her counsel spent 30.1 hours litigating this case in 2020 and 2021, as follows:

- 7.1 hours in 2020, at the following rates:
    - $208.01 per hour for 6.0 hours spent in July 2020
    - $208.88 per hour for 1.1 hours spent in November 2020
- 23 hours in 2021, at the following rates:
    - $211.15 per hour for 6.9 hours spent in February 2021
    - $212.65 per hour for 0.8 hours spent in March 2021
    - $214.39 per hour for 12.8 hours spent in April 2021
    - $218.13 per hour for 1.0 hours spent in June 2021
    - $219.17 per hour for 0.4 hours spent in July 2021
    - $219.17 per hour for 1.1 hours spent in September 2021

(Doc. 25, at 6-8, 12).

While the undersigned finds no issue with the hours requested (nor has the Commissioner lodged any objections), the undersigned disagrees with the hourly rates used by Plaintiff in calculating the fee award. Plaintiff arrives at the above figures using the Consumer Price Index ("CPI") for each month of work performed on this case. *See id.*, at 6-8. However, the Court has found it more reasonable to use an annualized multiplier for each year work was performed. *Cordeau v.*

- 5 -

*Comm'r of Soc. Sec.*, No. 6:14-cv-1360-Orl-40KRS, 2015 WL 6438672, at *1 (M.D. Fla. Oct. 21, 2015) (citing *Gates v. Barnhart,* 325 F. Supp. 2d 1342, 1347 (M.D. Fla. 2002)); *see also Crooker v. Comm'r of Soc. Sec.*, No. 6:20-cv-176-LRH (Doc. 31) (M.D. Fla. Sept. 22, 2021).

Upon independent calculation, the undersigned has determined that the annualized multiplier for the year 2020 is $207.78. With respect to the year 2021, there is not yet an available annualized multiplier. *See* Department of Labor, Bureau of Labor Statistics, CPI for All Urban Consumers (CPI-U), *available at* http://data.bls.gov/cgi-bin/surveymost?bls (last visited January 5, 2022). In such a circumstance, the Court has found it reasonable to use the average of the first six monthly multipliers, published as the HALF1 CPI, to determine the adjusted hourly rate for the year. *Cordeau*, 2015 WL 6438672, at *1 (citing *Gammon v. Comm'r of Soc. Sec.*, No. 6:13-cv-1567-Orl-22KRS, 2014 WL 4954690, at *1 n.3 (M.D. Fla. Oct. 1, 2014)). The hourly rate for work performed in 2021, using the HALF1 CPI, is $213.74. *See* Department of Labor, Bureau of Labor Statistics, CPI for All Urban Consumers (CPI-U).

Despite using the incorrect hourly rates in his calculation, Plaintiff has nonetheless demonstrated that the requested hourly rates do not exceed the EAJA

cap of $125.00 per hour adjusted for inflation. *See* Doc. 25, at 6-8, 12.[1]  Moreover, Plaintiff has included a detailed timesheet in support of the hours his counsel spent working on this case. (*Id.*, at 12).  Upon review, and absent any objection from the Commissioner, the undersigned will therefore recommend that Plaintiff is entitled to recover $6,371.08 in attorneys' fees under the EAJA.

**C. Assignment.**

A plaintiff, not counsel, is generally entitled to receipt of an EAJA award. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).  In the motion, Plaintiff states that: "Any payment shall be made payable to Plaintiff and delivered to Plaintiff's counsel, unless Plaintiff does not owe a federal debt.  If the United States Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel." (Doc. 25, at 2).  Plaintiff has also included with the motion an EAJA Limited Power of Attorney, executed on July 29, 2020, in which he assigns any court

---

[1] Using the correct hourly rates, the undersigned determined that Plaintiff would be entitled to $6,391.26 in EAJA fees.  The undersigned arrives at this figure by multiplying the 7.1 hours of work performed by Plaintiff's counsel in 2020 by the hourly rate of $207.78 and adding that figure to the 23 hours of work performed in 2021, multiplied by the hourly rate of $213.74, for a total of $6,391.26.  Because Plaintiff only requests $6,371.08 in fees, Plaintiff's requested EAJA award does not exceed the statutory cap.

awarded EAJA fees to his counsel and directs that any EAJA fees awarded be paid directly to his counsel.   (Doc. 25, at 14).

On review, however, Plaintiff has not demonstrated that his assignment of EAJA fees directly to his counsel satisfies the Anti-Assignment Act.   *See Crumbley v. Colvin*, No. 5:13-cv-291(MTT), 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014); *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013).   Therefore, the Court should not order the government to honor such assignment, although the government may exercise its discretion to do so.

### III.   RECOMMENDATION.

Based on the foregoing, it is **RESPECTFULLY RECOMMENDED** that:

1. Plaintiff's Unopposed Motion for Fees Pursuant to the Equal Access to Justice Act (Doc. 25) be **GRANTED** to the extent that Plaintiff be awarded a total of $6,371.08 in attorneys' fees under the EAJA.

2. The motion be **DENIED** in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives

that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 5, 2022.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record